1
2
3
4
5
6
7
8
9
10
11
12

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

JULIO SMITH PARRA,                          )          3:11-cv-00913-LRH (WGC)
                                            )
            Plaintiff,                      )          **REPORT AND RECOMMENDATION**
                                            )          **OF U.S. MAGISTRATE JUDGE**
      vs.                                   )
                                            )
HOWARD SKOLNIK, et. al.                     )
                                            )
            Defendants.                     )
_____)

13        This Report and Recommendation is made to the Honorable Larry R.  Hicks, United

14  States District Judge. The action was referred to the undersigned Magistrate Judge pursuant

15  to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR IB 1-4.

16        Before the court are Plaintiff's motions for summary judgment.  (Doc. # 35 and

17  Doc. # 44.)[1] Defendants opposed (Doc. # 36 and Doc. # 47) and Plaintiff replied. (Doc. # 37 and

18  Doc. # 56.) After a thorough review, the court recommends that Plaintiff's motions be denied.

19                              **I. BACKGROUND**

20        At all relevant times, Plaintiff Julio Smith Parra was an inmate in custody of the Nevada

21  Department of Corrections (NDOC). (Pl.'s Compl.  (Doc. # 6) at 1.) The events giving rise to this

22  litigation took place while Plaintiff was housed at Ely State Prison (ESP). (*Id.*) Plaintiff, a pro

23  se litigant, brings this action pursuant to 42 U.S.C. § 1983. (*Id.*) Defendants are E.K. McDaniel,

24  Ronald Bryant, and Dann Doty[2].  (*See* Doc. # 6; Screening Order (Doc. # 5).)

25        On screening, the court determined that Plaintiff could proceed with the following

26

27        [1] Refers to court's docket number.

28        [2]Incorrectly identified by Plaintiff as defendant Dori.

claims: (1) Count I- retaliation against defendant Bryant; (2) Count II-violation of his due process rights against defendant Doty; (3) Count III- a supervisory liability claim against defendant McDaniel related to the underlying allegations of Counts I and II.  (Doc. # 5.)

In Count I, Plaintiff alleges that on May 13, 2010, there was an incident in the culinary at ESP which involved two other inmates and one correctional officer, but defendant Bryant questioned Plaintiff about the incident. (Doc. # 6 at 4-6.) Plaintiff claims that he does not understand English well and asked Bryant for an interpreter, but was told if he needed an interpreter he should pay for one.  (*Id.*) Plaintiff also alleges that Bryant told Plaintiff he was going to be placed in the segregation unit because he had filed inmate grievances against two correctional officers and he was not cooperating in the investigation. (*Id.*) Plaintiff alleges that Bryant sent him to the segregation unit and made a false rule violations charge against him in retaliation for having filed grievances against correctional officers.  (*Id.*) Plaintiff claims that he remained in administrative segregation from May 13, 2010 through May 27, 2010.  (*Id.*)

In Count II, Plaintiff alleges that on May 23, 2010, he received a notice of disciplinary charge form for possession of contraband. (Doc. # 6 at 7-10.) Plaintiff asserts that he pled not guilty, requested an interpreter, and also requested two witnesses.  (*Id.*) He claims that the disciplinary officer, defendant Doty, denied him an interpreter and his two requested witnesses at the disciplinary hearing on May 23, 2010. (Doc. # 6 at 7.) Plaintiff further alleges that he did not receive twenty-four hours notice of the disciplinary hearing, and that he was found guilty of a rule violation without sufficient evidence. (*Id.*) He was sentenced to fourteen days administrative segregation and 180 days in "special unit 7" which included twenty-three hours a day in lock-down confinement. (*Id.* at 8.) Plaintiff also lost his canteen privileges. (*Id.*)

In Count III, Plaintiff alleges that defendant McDaniel approved defendant Bryant's decision to place him in administrative segregation, and also approved defendant Doty's decision to deny him a translator and two witnesses at his disciplinary hearing. (Doc. # 6 at 11.) Plaintiff claims the approval of these actions by defendant McDaniel was memorialized in a memorandum sent to Plaintiff on August 13, 2010. (*Id.*)

1    Plaintiff now moves for summary judgment.

2                    **II.  LEGAL STANDARD**

3         "The purpose of summary judgment is to avoid unnecessary trials when there is no

4    dispute as to the facts before the court." *Northwest Motorcycle Ass'n v. U.S. Dep't of Agric.*,

5    18 F.3d 1468, 1471 (9th Cir.  1994) (citation omitted). All reasonable inferences are drawn in

6    favor of the non-moving party. *In re Slatkin*, 525 F.3d 805, 810 (9th Cir.  2008) (citing

7    *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986)). Summary judgment is appropriate

8    if "the pleadings, the discovery and disclosure materials on file, and any affidavits show that

9    there is no genuine issue as to any material fact and that the movant is entitled to judgment as

10   a matter of law." *Id.* (quoting Fed.R.Civ.P. 56(c)). Where reasonable minds could differ on the

11   material facts at issue, however, summary judgment is not appropriate. *See Anderson*, 477 U.S.

12   at 250.

13        The moving party bears the burden of informing the court of the basis for its motion,

14   together with evidence demonstrating the absence of any genuine issue of material fact.

15   *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Although the parties may submit evidence

16   in an inadmissible form, only evidence which might be admissible at trial may be considered

17   by a trial court in ruling on a motion for summary judgment.  Fed.R.Civ.P. 56(c).

18        In evaluating the appropriateness of summary judgment, three steps are necessary:

19    (1) determining whether a fact is material; (2) determining whether there is a genuine issue

20   for the trier of fact, as determined by the documents submitted to the court; and (3)

21   considering that evidence in light of the appropriate standard of proof. *See Anderson*, 477 U.S.

22   at 248-250. As to materiality, only disputes over facts that might affect the outcome of the suit

23   under the governing law will properly preclude the entry of summary judgment; factual

24   disputes which are irrelevant or unnecessary will not be considered. *Id.*  at 248.

25        In determining summary judgment, a court applies a burden shifting analysis. "When

26   the party moving for summary judgment would bear the burden of proof at trial, 'it must come

27   forward with evidence which would entitle it to a directed verdict if the evidence went

28                                      3

uncontroverted at trial.'[ ] In such a case, the moving party has the initial burden of establishing the absence of a genuine issue of fact on each issue material to its case." *C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (internal citations omitted). In contrast, when the nonmoving party bears the burden of proving the claim or defense, the moving party can meet its burden in two ways: (1) by presenting evidence to negate an essential element of the nonmoving party's case; or (2) by demonstrating that the nonmoving party failed to make a showing sufficient to establish an element essential to that party's case on which that party will bear the burden of proof at trial. *See Celotex*, 477 U.S. at 323-25. If the moving party fails to meet its initial burden, summary judgment must be denied and the court need not consider the nonmoving party's evidence. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 160 (1970).

If the moving party satisfies its initial burden, the burden shifts to the opposing party to establish that a genuine issue of material fact exists. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). To establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987)(quotation marks and citation omitted). The nonmoving party cannot avoid summary judgment by relying solely on conclusory allegations that are unsupported by factual data. *Id*. Instead, the opposition must go beyond the assertions and allegations of the pleadings and set forth specific facts by producing competent evidence that shows a genuine issue for trial. *See* Fed.R.Civ.P. 56(e); *Celotex*, 477 U.S. at 324.

At summary judgment, a court's function is not to weigh the evidence and determine the truth but to determine whether there is a genuine issue for trial. *See Anderson*, 477 U.S. at 249. While the evidence of the nonmovant is "to be believed, and all justifiable inferences are to be drawn in its favor," if the evidence of the nonmoving party is merely colorable or is not significantly probative, summary judgment may be granted. *Id*. at 249-50, 255 (citations

1   omitted).

2   ## III. DISCUSSION

3   As set forth above, the moving party bears the burden of informing the court of the basis
4   for its motion, together with evidence demonstrating the absence of any genuine issue of
5   material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Here, Plaintiff would bear the
6   burden of proof at trial. Therefore, it is his burden on a motion for summary judgment to
7   "come forward with evidence which would entitle [him] to a directed verdict if the evidence
8   went uncontroverted at trial." *C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d
9   474, 480 (9th Cir. 2000) (internal quotation marks and citations omitted). Thus, Plaintiff is
10  tasked with establishing the absence of a genuine issue of fact as to each issue material to his
11  case. *Id.*

12  The court has reviewed Plaintiff's motions and finds that Plaintiff has not met his
13  burden. Plaintiff's first motion consists of conclusory statements challenging the affirmative
14  defenses raised in Defendants' Answer. (Doc. # 35.) Plaintiff's second motion accuses defense
15  counsel of lying when the allegations of Plaintiff's Complaint were denied in Defendants'
16  Answer. In addition, the second motion contains conclusory statements regarding the veracity
17  of his claims. (Doc. # 44.) Plaintiff did not submit any evidence in support of his motion.
18  Moreover, he has not established the absence of a genuine issue of material fact as to each of
19  his claims. Therefore, Plaintiff's motions for summary judgment should be denied.

20  ## IV. RECOMMENDATION

21  **IT IS HEREBY RECOMMENDED** that the District Judge enter an Order **DENYING**
22  Plaintiff's motions for summary judgment (Doc. # 35 and Doc. # 44).

23  The parties should be aware of the following:

24  1.      That they may file, pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the
25  Local Rules of Practice, specific written objections to this Report and Recommendation within
26  fourteen (14) days of receipt. These objections should be titled "Objections to Magistrate
27  Judge's Report and Recommendation" and should be accompanied by points and authorities

28

1    for consideration by the District Court.

2            2.      That this Report and Recommendation is not an appealable order and that any

3    notice of appeal pursuant to Rule 4(a)(1), Fed. R. App. P., should not be filed until entry of the

4    District Court's judgment.

5            DATED: January 4, 2013.

6                                                        _____
                                                        WILLIAM G.  COBB
7                                                        UNITED STATES MAGISTRATE JUDGE

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
                                                6