UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | | |
|---|---|---|
| JULIO SMITH PARRA, | ) | 3:11-cv-00913-LRH-WGC |
| | ) | |
| Plaintiff, | ) | **MINUTES OF PROCEEDINGS** |
| | ) | |
| vs. | ) | January 23, 2013 |
| | ) | |
| HOWARD SKOLNIK, *et al.,* | ) | |
| | ) | |
| Defendants. | ) | |

PRESENT:  THE HONORABLE WILLIAM G. COBB, U.S. MAGISTRATE JUDGE

DEPUTY CLERK:   Katie Lynn Ogden      REPORTER:            FTR

COUNSEL FOR PLAINTIFF:   Julio Smith Parra, In Pro Per (Telephonically)

COUNSEL FOR DEFENDANT(S):   Elizabeth Hickman, Esq.

**MINUTES OF PROCEEDINGS:**   Motion Hearing

1:32 p.m. Court Convenes.

The court and parties address multiple motions.

**I. Motion to Extend Time to Respond to Dkt. #58 Report and Recommendation (Dkt. #64)**

Plaintiff has requested a five (5) day extension to file his objections to the Report and Recommendation filed on January 4, 2013 (Dkt. #58).  Good cause appearing, plaintiff's Motion to Extend Time to Respond to Dkt. #58 Report and Recommendation (Dkt. #64) is **GRANTED**.  Plaintiff shall have up to and including Thursday, January 31, 2013, to file his objections to the Report and Recommendation (Dkt. #58).

**II. Motion for Appointment of Counsel (Dkt. #62)**

Plaintiff's request for appointment of counsel to assist him in preparing the objections to the Magistrate Judges Report and Recommendation (Dkt. #58).  The court explains to plaintiff that one of the requirements to appoint counsel is for the movant to establish the reasonable likelihood of success of the underlining action.  Based upon plaintiff's request for an attorney to assist with filing an objection to the Report and Recommendation, the court has already made the determination that this matter is not probable for success.  Therefore, plaintiff's Motion for Appointment of Counsel  is **DENIED**.

MINUTES OF PROCEEDINGS
3:11-cv-00913-LRH-WGC
Date: January 23, 2013
Page 2

**III.**     **Amended Motion Introducing Evidence of Injury Caused by the Wrongful Confined (Dkt. #48)**

The court explains that plaintiff's motion to introduce evidence is premature at this time and that the request would be appropriate once this case goes to trial, should the case proceed to trial.  Therefore, plaintiff's Amended Motion Introducing Evidence of Injury Caused by the Wrongful Confined (Dkt. #48) is **DENIED without prejudice**.

**IV.**     **Amended Motion to Correct Amount of Monetary Damages Caused by All Injuries (Dkt. #49)**

The court explains to plaintiff that he may prove to the jury what his damages are; however, plaintiff does not have to specify his exact damages at this time in his complaint.  The court further notes that, again, should this case proceed to trial, this request should be made during the trial stages.  Therefore, plaintiff's Amended Motion to Correct Amount of Monetary Damages Caused by All Injuries (Dkt. #49) is **DENIED without prejudice**.

**V.**     **Motion for Discovery (Dkt. #50) and Motion for Interrogatories (Dkt. #51)**

The court explains that parties are not required to motion the court to initiate discovery.  When the court issues a Scheduling Order, this allows parties to commence discovery, to send interrogatories and/or to request production of documents without court approval.

It appears that plaintiff seeks production of documents in his Motion for Discovery (Dkt. #50) and Dkt. #51 appears to pertain to interrogatories, which include requests to non-parties.  The court explains to the plaintiff that interrogatories cannot be served on non-parties.

Defendants have stated that they will answer the interrogatories and respond to the production of documents as to defendant Doty and defendant Bryant (Dkt. #54).  Ms. Hickman affirms that the responses have already been served.   Therefore, plaintiff's Motion for Discovery (Dkt. #50) and Motion for Interrogatories (Dkt. #51) are **DENIED as moot** to the extent that they pertain to defendants Doty and Bryant.  Furthermore, the Motion for Interrogatories (Dkt. #51) is **DENIED** as to other non-parties to whom discovery was directed.

**VI.**     **Motion Requesting Complete Discovery (Dkt. #52)**

The court first addresses the second component of plaintiff's Motion Requesting Complete Discovery (Dkt. #52) in which the plaintiff seeks to file discovery responses.  The court informs plaintiff that discovery responses are not filed with the court unless they

MINUTES OF PROCEEDINGS
3:11-cv-00913-LRH-WGC
Date: January 23, 2013
Page 3

accompany a motion.

The court turns to the first component of Dkt. #52 and notes that the court has construed the document as a Motion to Compel. The court addresses the four categories of documents plaintiff identifies as being in dispute and asks Ms. Hickman to address them. After the parties present their respective position regarding the discovery dispute the court orders the following:

 1. **Request for documents related to the May 13, 2010, incident:**

Ms. Hickman represents that attached to Dkt. #55-1, pages 6-10 are documents that were disclosed to Mr. Parra to satisfy his request. Ms. Hickman further represents that there are no additional documents that relate to the incident that occurred on May 13, 2010.

The court finds defendants have adequately satisfied this request and plaintiff's request is **DENIED**.

 2. **Request for documents relevant to the date of May 23, 2010:**

Ms. Hickman represents that Nevada Department of Corrections Disciplinary Forms 1 and 2 have been produced, and that there are no additional documents relevant to May 23, 2010. Ms. Hickman further states that there is no recording of the disciplinary hearing or the investigation.

The court finds that defendants have adequately satisfied this request and plaintiff request is **DENIED.**

 3. **Request for Administrative Grievances:**

Ms. Hickman represents that defendants have produced the relevant grievances as requested by Mr. Parra. Ms. Hickman states that there the is one (1) grievance prior to the May 13, 2010, incident and nine (9) grievances subsequent to the May 13, 2010, incident, which have not been produced.

The court orders that defendants produce the other ten (10) grievances to plaintiff, and that relevancy of the documents can be addressed later should the case proceed to trial.

The court finds that plaintiff's request is **GRANTED** and based on Ms. Hickman's representation, defendants will supplement their responses accordingly.

MINUTES OF PROCEEDINGS
3:11-cv-00913-LRH-WGC
Date: January 23, 2013
Page 4

    **4. Request for Memorandum:**

Ms. Hickman represents that this document has been disclosed and that it will be disclosed a second time when the grievances are resent to Mr. Parra.

The court finds that, insofar defendants will be re-sending grievances, this request is **GRANTED.**

**VII.    Motion for Discovery (Third Request) (Dkt. #57)**

Defendants note that this request was not timely served by the plaintiff; nevertheless, defendants responded to this requests as it pertains to this instant matter.

Mr. Parra represents that he seeks grievances that do not necessarily pertain to this case but are important to his claims. The court explains that discovery has certain limitations and does not find that this request would likely lead to discovery of evidence that would be admissible nor would it have any bearing on plaintiff's instant claims.

Therefore, to the extent that the motion seeks such materials that are not relevant to this case, plaintiff's Motion for Discovery (Dkt. #57) is **DENIED**.

**VIII.    Motion to Subpoena Witnesses for Trial Date (Dkt. #59)**

The court considers this motion as premature because a trial date has not been addressed and dispositive motions will likely be filed. Therefore, plaintiff's Motion to Subpoena Witnesses for Trial Date (Dkt. #59) is **DENIED without prejudice.**

**IT IS SO ORDERED.**

1:57 p.m. Court Adjourns.

                                        LANCE S. WILSON, CLERK

                                        By: _____/s/_____
                                        Katie Lynn Ogden, Deputy Clerk