# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| JULIO SMITH PARRA, | 3:11-cv-00913-LRH-WGC |
| Plaintiff, | **MINUTES OF THE COURT** |
| vs. | April 16, 2013 |
| HOWARD SKOLNIK, *et al.*, | |
| Defendants. | |

PRESENT:  THE HONORABLE WILLIAM G. COBB, U.S. MAGISTRATE JUDGE

DEPUTY CLERK:  KATIE LYNN OGDEN     REPORTER: NONE APPEARING

COUNSEL FOR PLAINTIFF(S): NONE APPEARING

COUNSEL FOR DEFENDANT(S): NONE APPEARING

**MINUTE ORDER IN CHAMBERS:**

Before the court is Plaintiff's Emergency Motion "DE Exparte" (sic) for Expedited Trial by Jury - Date to be Set in Matter. (Doc. # 81.)

A precursor to conducting any trial is the filing of a PreTrial Order.  LR 16-3.  Because of the pendency of a potentially dispositive motion (Defendants' Motion for Summary Judgment, Doc. # 66), the deadline to file a PreTrial Order is stayed by operation of the court's Scheduling Order (Doc. # 42, ¶ 9) until five days after the motion is denied.  Therefore, setting an expedited trial by jury at this time would not be appropriate. [The court notes that the deadline to file a Pretrial Order was also stayed during the pendency of Plaintiff's own motions for summary judgment (Doc. # 35 and  # 44)].

Additionally, the grounds for Plaintiff's request is that if he does not proceed to trial in the immediate future, he would continue to "suffer irreparable harm if not granted, (i.e.) wrongful imprisonment." (Doc. 81 at 1). This is a similar argument (among others) plaintiff lodged in his unsuccessful motions for summary judgment.  Therefore, even if there were no dispositive motions pending, Plaintiff's motion for an expedited trial setting – taking precedence over numerous other cases already on the court's docket – does not provide a cognizable basis for doing so.

For the reasons above stated, Plaintiff's motion (Doc. # 81) is **DENIED**.

**IT IS SO ORDERED.**

LANCE S. WILSON, CLERK

By:      /s/
        Deputy Clerk