1

2

3

4

5

6                          UNITED STATES DISTRICT COURT

7                                DISTRICT OF NEVADA

8                                     * * * * *

9    JULIO SMITH PARRA,                    )
                                           )   3:11-cv-00913-LRH-WGC
10                      Plaintiff,         )
                                           )
11   v.                                    )   ORDER
                                           )
12   HOWARD SKOLNIK, *et al.*,             )
                                           )
13                      Defendants.        )
     _____)

14

15          Before the Court is Plaintiff Julio Smith Parra's ("Parra") Motion for Reconsideration.

16   Doc. #91.[1]  Defendants Ronald Bryant, Dann Doty, and E.K. McDaniel (collectively

17   "Defendants") filed an Opposition (Doc. #92), to which Parra replied (Doc. #93).

18          A motion for reconsideration may be brought pursuant to Federal Rules of Civil

19   Procedure 59(e) and 60(b).  *Sch. Dist. No. 1J, Multnomah Cnty., Or. v. ACandS, Inc.*, 5 F.3d

20   1255, 1262 (9th Cir. 1993).  A Rule 59(e) motion for reconsideration should not be granted

21   "absent highly unusual circumstances, unless the district court is presented with newly

22   discovered evidence, committed clear error, or if there is an intervening change in the controlling

23   law."  *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir.

24   2009) (quoting *389 Orange Street Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999)).

25   "Relief under Rule 60(b)(6) . . . is available only under extraordinary circumstances."  *Twentieth*

26   *Century-Fox Film Corp. v. Dunnahoo*, 637 F.2d 1338, 1341 (9th Cir. 1981) (internal citations

27   omitted).  Specifically, under Rule 60(b)(6), a court may relieve a party from a final judgment,

28   _____

                   [1] Refers to the Court's docket entry number.

1  order, or proceeding only in the following circumstances: (1) mistake, inadvertence, surprise, or

2  excusable neglect; (2) newly discovered evidence; (3) fraud; (4) to avoid judgment; (5) a satisfied

3  or discharged judgment; or (6) any other reason justifying relief from the judgment. *Backlund v.*

4  *Barnhart*, 778 F.2d 1386, 1387 (9th Cir. 1985).  In either circumstance, a motion for

5  reconsideration must set forth the following: (1) some valid reason why the court should revisit

6  its prior order; and (2) facts or law of a "strongly convincing nature" in support of reversing the

7  prior decision. *Frasure v. United States*, 256 F. Supp. 2d 1180, 1183 (D. Nev. 2003).

8        Here, the Court finds that Parra has failed to establish any of the aforementioned grounds

9  justifying relief.  Instead, Parra merely asserts the same arguments he set forth at summary

10  judgment.[2]  Accordingly, the Court declines to reconsider its September 25, 2013 Order striking

11  Parra's Sur-Reply and granting Defendants' Motion for Summary Judgment in full.  Doc. #90.

12  *See Backlund v. Barnhart*, 778 F.2d 1386, 1388 (9th Cir. 1985) (holding that a district court

13  properly denied a motion for reconsideration in which the plaintiff presented no arguments that

14  were not already raised in his original motion); *see also Resolution Trust Corp. v. Holmes*, 846 F.

15  Supp. 1310, 1316 (S.D. Tex. 1994) (footnotes omitted) (motions for reconsideration are not "the

16  proper vehicles for rehashing old arguments").

17

18        IT IS THEREFORE ORDERED that Parra's Motion for Reconsideration (Doc. #91) is

19  DENIED.

20        IT IS SO ORDERED.

21        DATED this 2nd day of May, 2014.

22

23  _____

24  LARRY R. HICKS
    UNITED STATES DISTRICT JUDGE

25

26  _____

27        [2] To the extent that Parra asserts that Defendants destroyed evidence, the evidence cannot
    be considered "newly discovered" for purposes of his Motion for Reconsideration as Parra

28  admits that he requested that evidence on multiple occasions during these proceedings.

2